1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN BARTHOLOMEW,

11          Petitioner,              No. CIV S-05-2150 GEB KJM P

12       vs.

13   TOM L. CAREY, Warden,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2254[1], challenging a July 26, 2001 denial of parole.

18   Respondent has filed a motion to dismiss, alleging that the petition was filed outside the AEDPA

19   statute of limitations and arguing that it does not present a federal question.

20   /////

21   /////

22   /////

23   /////

24   _____

25      [1] Petitioner contends that his petition has been filed under 28 U.S.C. § 2241.  In White v.
     Lambert, 370 F.3d 1002, 1007-08 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005), the Ninth
26   Circuit held that such an attack is properly brought under 28 U.S.C. § 2254.  This court shall
     construe the application accordingly.

1

1    Background

2           On July 26, 2001, the Board of Prison Terms denied petitioner's application for

3    parole.  Petition (Pet.), BPT hearing transcript.[2]  Petitioner filed an administrative appeal on

4    October 31, 2001, which was denied on June 11, 2002.  Motion to Dismiss (MTD), Exs. B & C.

5           Petitioner then filed a state petition for a writ of habeas corpus in Alameda County

6    Superior Court; respondent has provided a copy of the face sheet, which shows a file-stamped

7    date of December 24, 2002.  MTD, Ex. D.  The minute order denying the petition is also dated

8    December 24, 2002.  Pet., Superior Court Minute Order.

9           A new petition was filed in the Court of Appeal for the Fifth Appellate District on

10   February 25, 2003 and denied on March 6, 2003 without prejudice to filing in the correct court.

11   MTD, Ex. E.  On April 9, 2003, petitioner filed a new petition in the Court of Appeal for the

12   First Appellate District.  Pet., face sheet of petition.  This was denied on April 17, 2003, because

13   petitioner had not provided the "copies of reasonably available documentary evidence. . . ."

14   MTD, Ex. F.

15          Petitioner filed a fourth state habeas petition in the California Supreme Court on

16   September 17, 2003.  Supreme Court Docket <http://appellatecases.courtinfo.ca.gov/search/case/

17   dockets.cfm?dist=0&doc_id=289821&doc_no=S119089> (accessed 12/4/06).  This petition was

18   denied on June 23, 2004.  MTD, Ex. G.

19          The instant petition was filed in the Northern District of California on June 20,

20   2005, the date reflected on the proof of service, and transferred to this court on October 26, 2005.

21   /////

22   /////

23   /////

24   /////

25   ───────────

26   [2] The exhibits attached to the petition are not identified by numbers or letters and so will
     be identified by document title.

1  The AEDPA Statute Of Limitations

2        A.  Statutory Tolling

3           One of the changes the AEDPA made to the habeas statutes was to add a statute of

4  limitations for filing a habeas petition:

5                (d)(1) A 1-year period of limitation shall apply to an application for
               a writ of habeas corpus by a person in custody pursuant to the
6              judgment of a State court. The limitation period shall run from the
               latest of–

7
               (A) the date on which the judgment became final by the conclusion
8              of direct review or the expiration of the time for seeking such
               review;

9
               (B) the date on which the impediment to filing an application
10             created by State action in violation of the Constitution or laws of
               the United States is removed, if the applicant was prevented from
11             filing by such State action;

12             (C) the date on which the constitutional right asserted was initially
               recognized by the Supreme Court, if the right has been newly
13             recognized by the Supreme Court and made retroactively
               applicable to cases on collateral review; or

14
               (D) the date on which the factual predicate of the claim or claims
15             presented could have been discovered through the exercise of due
               diligence.

16
               (2) The time during which a properly filed application for State
17             post- conviction or other collateral review with respect to the
               pertinent judgment or claim is pending shall not be counted toward
18             any period of limitation under this subsection.

19  28 U.S.C. § 2244.  In parole cases, the date that triggers the federal statute of limitations is the

20  denial of administrative review.  Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003).

21  Petitioner does not claim there was a significant delay in his learning of the administrative denial.

22  Accordingly, the AEDPA statute of limitations began to run on June 12, 2002 and expired on June

23  12, 2003.   Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the

24  calculation of the time).  It is plaintiff's burden to demonstrate that the limitations period was

25  sufficiently tolled to render his federal petition timely.  Smith v. Duncan, 297 F.3d 809, 814 (9th

26  Cir. 2002).

1    The statute of limitations is tolled during the pendency of any "properly filed"

2  collateral attack in the state courts.  Artuz v. Bennet, 531 U.S. 4, 7-8 (2000).  Petitioner filed four

3  state habeas petitions.  It is unclear when the Alameda County petition was filed, because neither

4  party has provided a proof of service or other documents showing when petitioner gave it to

5  prison authorities to be mailed.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (under prison

6  mailbox rule, document is filed when it is given to prison authorities for mailing).  Under

7  California Rule of Court 4.551, a superior court must issue a ruling on a habeas petition within

8  sixty days of the date it was filed, unless the time is extended.  Accordingly, the court will

9  presume that the superior court writ petition was filed on October 25, 2002, sixty days before the

10  superior court's denial on December 24, 2002, and day 136 of the limitations period.

11    Respondent does not dispute that the statute of limitations was tolled from the file-

12  stamp date of December 24, 2002 on the Alameda County petition through the Supreme Court's

13  denial of habeas on June 23, 2004.  But see Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852

14  (2006) (federal court must determine whether "gap" between state petitions renders them untimely

15  and thus not properly filed); Artuz, 531 U.S. at 8 (petition is properly filed when it meets state

16  procedural requirements, which include filing in the appropriate court).  In this case, the court

17  need not reach the question of untimeliness with regard to gaps between state petitions, because

18  even if petitioner is given all benefits of the doubt, his petition is untimely as explained below.

19    If the court's assumption regarding the filing date of the superior court petition is

20  correct, the statute of limitations began to run again on June 24, 2004, day 137 of the limitations

21  period.  This means that June 20, 2005, the date petitioner mailed his federal petition to the

22  Northern District, was day 499 of the limitations period.

23    Petitioner argues that he is entitled to an additional thirty days of tolling because

24  the California Supreme Court's denial of his petition was not final until thirty days after the order

25  was issued.  See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001); Opposition (Opp'n) at 6.

26  The court rule upon which Bunney was based was amended, effective January 1, 2003.  Rule 29.4

1    of the California Rules of Court now provides that the denial of a petition within the court's

2    original jurisdiction is final on the day it is issued.   Even if petitioner were entitled to <u>Bunney</u>

3    time, however, the thirty days would not render his federal petition timely.

4                Petitioner also argues that there was a "state created impediment" to filing, created

5    by the conflict between his job and the hours the library was open, the extremely restricted access

6    to the library because he was not designated a "preferred legal user", and other restrictions on

7    library time as a result of staff meetings and lockdowns.  Opp'n at 5-7 & Memorandum dated

8    1/6/2005 (outlining "significant interruptions" in inmate access to the law library); <u>id</u>.,

9    Memorandum dated 12/8/2005 (discussing a program implemented in September 2005 to give

10   preferred and general legal users with jobs priority access on Friday and Saturday).[3]  However,

11              [t]he mere inability of a prisoner to access the law library is not, in
             itself, an unconstitutional impediment.  The inmate must show that
12           this inability caused an actual harm, or in other words,
             unconstitutionally prevented him from exercising that fundamental
13           right of access to the courts in order to attack his sentence. . . .

14   <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000).  Petitioner contends that the limited

15   access made it difficult for him to use the prison typewriters, books and other materials; he does

16   not show that the limitations made it impossible for him to file.  The circumstances described by

17   petitioner do not create a state-created impediment.

18          B.  Equitable Tolling

19                Petitioner further argues he is entitled to equitable tolling because of the

20   restrictions on his access to the law library.

21   /////

22   /////

23   /////

24   _____

25       [3]  Petitioner also includes a memorandum dated 6/17/2006, memorializing the fact that
     African-American inmates were placed on lockdown on May 25, 2006, and that, as a result, only
     inmates with a court deadline could use the law library.   These restrictions occurred <u>after</u> the
26   federal petition was filed and can have no bearing on the issue of equitable tolling.

1    The Ninth Circuit has held:

2    We will permit equitable tolling of AEDPA's limitations period
     only if extraordinary circumstances beyond a prisoner's control
3    make it impossible to file a petition on time.  When external forces,
     rather than a petitioner's lack of diligence, account for the failure to
4    file a timely claim, equitable tolling of the statute of limitations may
     be appropriate.

5

6    Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations & citations omitted).

7    Several courts have rejected the impact of restrictions on law library access as bases for equitable

8    tolling unless the petitioner can show actual harm.  Wilson v. Bennett, 188 F. Supp. 2d 347, 353

9    (S.D.N.Y. 2002) (limited access to library); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y.

10   2002) (same).  As noted above, petitioner has not shown how the difficulties he encountered made

11   it impossible for him to file.  He is not entitled to equitable tolling.[4]

12           Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

13   dismiss be granted.

14   /////

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24

25       [4] Because the court finds the petition to be untimely, it need not address respondent's
     claim that the denial of parole does not present a federal question, an argument that in any event
26   has been resolved by Sass v. California Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006).

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within five days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  December 20, 2006.

10

11                                                      _____

12                                                      U.S. MAGISTRATE JUDGE

13  2
    bart2150.157

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                      7